**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF<br>TEXAS, INC.,<br><br>Defendant. | Adv. Proc. No. 21-03863 (DRJ) |

**DEBTOR'S EMERGENCY MOTION TO ESTABLISH DISCOVERY**
**FRAMEWORK FOR ERCOT**

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 27, 2021 AT 12:00 PM IN COURTROOM 400, 4TH FLOOR, 515 RUSK ST., HOUSTON, TX 77002. IT IS ANTICIPATED THAT ALL PERSONS WILL PARTICIPATE BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES CONFERENCE ROOM NUMBER IS 205691.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEJONES" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE JONES'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE JONES. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

RELIEF IS REQUESTED NOT LATER THAN AUGUST 27, 2021.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Brazos Electric Power Cooperative, Inc. ("Brazos Electric") (the "Debtor") files this *Emergency Motion to Establish Discovery Framework* (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

## I.     BACKGROUND

1.      On July 25, 2021, the Debtor initiated a contested matter by filing the Debtor's Objection to Electric Reliability Council of Texas, Inc.'s ("ERCOT") Proof of Claim [Dkt. No. 930] (the "Claim Objection"). On July 29, 2021, the Debtor served ERCOT with its First Request for Production of Documents (the "Discovery Requests"). The Debtor subsequently converted the Claim Objection to an adversary proceeding and filed the Debtor's Complaint Objecting to ERCOT's Proof of Claim and Other Relief (the "Complaint") on August 18, 2021, but the Discovery Requests remained unchanged.

2.      In the month since the Debtor served the Discovery Requests, the Debtor and ERCOT—with input from the Official Committee of Unsecured Creditors ("UCC")—have worked together in good faith in an attempt to establish a framework through which ERCOT will identify, collect, review, and produce information responsive to the Debtor's Discovery Requests in a manner that does not require ERCOT to duplicate efforts already underway to respond to the UCC's previously served Rule 2004 requests.

3.     As the Parties have reported at each of the discovery status conferences in August, the Debtor and ERCOT have worked hard and have made meaningful progress with respect to the pending discovery requests.   Notwithstanding these efforts, there remains a lack of any firm agreement between the Parties on timing or process, including the imposition of critical discovery-related deadlines.

4.     Accordingly, the Debtor is requesting the Court's assistance with respect to an appropriate discovery framework to ensure that there is no unnecessary delay in adjudicating the Complaint—a critical step in the Debtor's efforts to successfully reorganize and emerge from bankruptcy.[2]

## II.     ARGUMENT & AUTHORITIES

5.     The framework the Debtor seeks to utilize (and which it has proposed to ERCOT) is straightforward. First, the Debtor and ERCOT need to finalize a list of agreed-upon custodians for both cellphone imaging (to obtain texts and other messages) and to conduct certain e-mail searches. Second, the Debtor and ERCOT need to finalize a list of agreed-upon search terms to capture certain communications for both the agreed-upon custodians as well as other salaried ERCOT employees over defined time periods. Third, the Debtor and ERCOT need to agree on how ERCOT will utilize search terms, custodians, and other parameters to identify materials responsive to the Debtor's Discovery Requests. And fourth, the Debtor and ERCOT need to establish deadlines by which ERCOT will complete certain collection, review, and production tasks for certain categories of responsive information.

---

[2] The Debtor will continue working with ERCOT in advance of the hearing to attempt to further narrow the outstanding issues identified herein.  Nonetheless, the Debtor files this Motion now to provide the Court with a description of the pending issues in advance of the hearing.

6.      Through this Motion, the Debtor is not seeking to compel the inclusion of certain individuals as custodians, nor is the Debtor seeking to compel the use of specific search terms. Rather, the Motion assumes the Parties will reach an agreement on those aspects of discovery (or be in a position to present any remaining disagreement at the August 31, 2021 status conference), and instead seeks relief related to the third and fourth aspects above, namely: (i) what information ERCOT will collect and review and (ii) when ERCOT will commence and complete that process.

7.      Specifically, the Debtor is requesting that the Court order the following framework through which ERCOT will collect, review, and produce information responsive to the Debtor's Discovery Requests:

- *Custodian Cellphone Data*. ERCOT will complete the process of imaging the cellphones of an agreed list of custodians[3] by September 10, 2021.  ERCOT will produce all of these custodians' texts, chats, and other messages that are responsive to the Debtor's document requests by September 24, 2021.

- *Custodian Electronic Data – Critical Time Period.* ERCOT will review all emails, instant messages, and other electronically stored information for an agreed list of custodians, for the period February 8 to March 8, 2021 (i.e., the week before, during, and two weeks following Winter Storm Uri), begin a rolling production of responsive documents by September 10, and complete production of all responsive documents by September 17, 2021.

- *Custodian Electronic Data – Expanded Time Period.* ERCOT will review emails, instant messages, and other electronically stored information for the agreed list of

---

[3] The Debtor and ERCOT have reached an agreement on a number of custodians, but the parties disagree on a remaining subset of custodians which the Debtor believes should be included. At this time, the Debtor is not seeking Court intervention on the inclusion of these individuals, but reserves the right to do so if agreement cannot be reached in advance of the August 31, 2021 status conference.

custodians, for the period February 1, 2021 to present, which are identified using the search terms provided by the UCC and additional search terms provided by the Debtor,[4] begin a rolling production of documents responsive to Debtor's document requests by September 10, 2021, and complete production of all such responsive documents by September 30, 2021.

- **ERCOT Salaried Employee Electronic Data.** ERCOT will devise a set of search terms to run against the emails, instant messages, and other electronically stored information of ERCOT's salaried employees, for the period February 8 to March 8, 2021, which terms ERCOT concludes adequately captures documents responsive to the Debtor's document requests, and provide that proposed list to Debtor's counsel by September 3, 2021. After consulting with the Debtor on the sufficiency of the proposed search terms, ERCOT will review the documents identified using these terms, begin a rolling production of documents responsive to the Debtor's document requests by September 10, 2021, and complete production of all responsive documents by September 30, 2021. If there is disagreement on search terms, the parties will ask the Court to resolve such disagreement at the next scheduled discovery conference.

8. The above framework and accompanying milestones will ensure that the Debtor is able to obtain the discovery it needs to adjudicate its Complaint, and will enable the Debtor and ERCOT to bring this adversary proceeding to a resolution in an expeditious manner.

---

[4] The Debtor has provided ERCOT with a list of proposed search terms and has asked for ERCOT to supplement and/or provide feedback consistent with ERCOT's duties to conduct a diligent search to locate and produce responsive documents. At this time, the Debtor is not seeking Court intervention on the inclusion or exclusion of certain search terms, but reserves the right to do so if agreement cannot be reached in advance of the August 31, 2021 status conference.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  August 27, 2021
      Houston, Texas

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

By: */s/ Lino Mendiola*
Lino Mendiola (SBT 00791248)
Michael Boldt (SBT 24064918)
Jim Silliman (SBT 24081416)
One American Center
600 Congress Ave., Suite 2000
Austin, TX 78701
Telephone: (512) 721-2700
Facsimile: (512) 721-2656
Email: linomendiola@eversheds-sutherland.us
Email: michaelboldt@eversheds-sutherland.us
Email: jimsilliman@eversheds-sutherland.us

*Special Counsel for the Debtor and Debtor in Possession*

**O'MELVENY & MYERS LLP**
Louis R. Strubeck, Jr. (SBT 19425600)
Nick Hendrix (SBT 24087708)
2501 North Harwood Street
Dallas, Texas 75201
Email: lstrubeck@omm.com
Email: nhendrix@omm.com
(972) 360-1925

*Co-Counsel for the Debtor and Debtor in Possession*

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
Julie G. Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246
Email: jason.boland@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Paul Trahan  (SBT 24003075)
98 San Jacinto Boulevard, Suite 1100
Austin, TX  78701
Telephone:   (512) 536 5288
Facsimile:   (512) 536 4598
Email: paul.trahan@nortonrosefulbright.com

Michael M. Parker (SBT 00788163)
Steve A. Peirce (SBT 15731200)
111 West Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:  (210) 270-7179
Facsimile:  (210) 270-7205
Email: michael.parker@nortonrosefulbright.com
Email: steve.peirce@nortonrosefulbright.com

*Counsel for the Debtor and Debtor in Possession*

## <u>CERTIFICATE OF ACCURACY</u>

I hereby certify that the facts and circumstances described in the above pleading giving rise to the expedited request for relief are true and correct to the best of my knowledge, information and belief.

*/s/ Jason L. Boland*
Jason L . Boland