

Control Number: 51617



Item Number: 3

Addendum StartPage: 0



PUC PROJECT NO. 51617

| | | |
|---|---|---|
| **OVERSIGHT OF THE ELECTRIC RELIABILITY COUNCIL OF TEXAS** | §<br>§<br>§ | **PUBLIC UTILITY COMMISSION**<br>**OF TEXAS** |

*(Stamp: PUBLIC UTILITY COMMISSION OF TEXAS — RECEIVED FEB 16 2021 BY _____ FILING CLERK)*

**ORDER DIRECTING ERCOT TO TAKE ACTION
AND GRANTING EXCEPTION TO COMMISSION RULES**

On February 12, 2021, pursuant to Texas Government Code § 418.014, in response to an extreme winter weather event, Governor Greg Abbott issued a Declaration of a State of Disaster for all counties in Texas.

Further, on February 15, 2021, the Electric Reliability Council of Texas, Inc. (ERCOT) declared its highest state of emergency, an Emergency Energy Alert Level 3 (EEA3), due to exceptionally high electric demand exceeding supply. ERCOT has directed transmission operators in the ERCOT region to curtail more than 10,000 megawatts (MW) of firm load. The ERCOT System is expected to remain in EEA3, and firm load shed is expected to continue, for a sustained period of time in light of the expected duration of the extreme weather event.

This Order addresses two significant market anomalies identified during this EEA3 event.

### I. Energy Prices Lower than System-Wide Offer Cap During Load-Shed Event

ERCOT has informed the Commission that energy prices across the system are clearing at less than $9,000, which is the current system-wide offer cap pursuant to 16 TAC § 25.505(g)(6)(B). At various times today, energy prices across the system have been as low as approximately $1,200. The Commission believes this outcome is inconsistent with the fundamental design of the ERCOT market. Energy prices should reflect scarcity of the supply. If customer load is being shed, scarcity is at its maximum, and the market price for the energy needed to serve that load should also be at its highest.

Utilities Code § 39.151(d) gives the Commission "complete authority" over ERCOT, the independent organization certified by the Commission pursuant to § 39.151. Further, 16 TAC § 25.501(a) provides that ERCOT determines market clearing prices of energy and other ancillary services in the ERCOT market unless "otherwise directed by the commission."

Pursuant to this authority, the Commission determines that adjustments are needed to ERCOT prices to ensure they accurately reflect the scarcity conditions in the market. Accordingly, the Commission directs ERCOT to ensure that firm load that is being shed in EEA3 is accounted for in ERCOT's scarcity pricing signals. The Commission further directs ERCOT to correct any past prices such that firm load that is being shed in EEA3 is accounted for in ERCOT's scarcity pricing signals.

### II. Suspension of LCAP in Scarcity Pricing Mechanism Due to Abnormal Fuel Prices

ERCOT has informed the Commission that generator revenues are approaching the peaker net margin (PNM) threshold established in 16 TAC § 25.505(g)(6). That threshold is currently $315,000/MW-year. As provided in §25.505(g)(6)(D), once the PNM threshold is achieved, the system-wide offer cap is set at the low system-wide offer cap (LCAP), which is is "the *greater* of" either "(i) $2,000 per MWh and $2,000 per MW per hour; or (ii) 50 times the natural gas price index value determined by ERCOT, expressed in dollars per MWh and dollars per MW per hour." Due to exceptionally high natural gas prices at this time, if the LCAP is calculated as "50 times the natural gas price index value," it may exceed the high system-wide offer cap (HCAP) of $9,000 per MWh and $9,000 per MW per hour. 16 TAC § 25.505(g)(6).

This outcome would be contrary to the purpose of the rule, which is to protect consumers from substantially high prices in years with substantial generator revenues. It would make little sense to expose consumers to prices that are *higher* than the usual maximum price after a generator revenue threshold has been achieved. Given the need to ensure appropriate energy prices to both consumers and generators during this system emergency, the Commission finds that, in accordance with 16 TAC §§ 22.5(a) and 25.3(b), a public emergency exists and good cause exists for granting an exception to 16 TAC § 25.505(g)(6)(A). On this basis, and because of the aforementioned concerns with the application of the LCAP, the Commission orders that ERCOT shall suspend any use of the LCAP until after the Commission's regularly-scheduled next open meeting, and that ERCOT shall continue to use the HCAP as the system-wide offer cap until that time.

| PUC Docket No. 51617 | Order Directing ERCOT | Page 3 of 3 |
|---|---|---|

Signed at Austin, Texas the 15 day of February 2020.

PUBLIC UTILITY COMMISSION OF TEXAS

_____
DEANN T. WALKER, CHAIRMAN

_____
ARTHUR C. D'ANDREA, COMMISSIONER

_____
SHELLY BOTKIN, COMMISSIONER

W2013
q:\cadm\orders\misc.orders\5xxxx\51617 winter ercot order.docx