**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | Case No. 21-30725 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| BRAZOS ELECTRIC POWER | § | |
| COOPERATIVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. No. 21-03863 |
| v. | § | |
| | § | |
| ELECTRIC RELIABILITY COUNSEL | § | |
| OF TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

**ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.'s ANSWER AND
AFFIRMATIVE DEFENSES TO
BRAZOS ELECTRIC POWER COOPERATIVE'S INC.'s COMPLAINT**

Subject to its Motion to Dismiss and for Abstention, Electric Reliability Council of Texas, Inc. ("ERCOT") files this Answer and Affirmative Defenses to Brazos Electric Power Cooperative, Inc.'s ("Brazos" or the "Debtor") *Complaint Objecting to Electric Reliability Council of Texas, Inc.'s Proof of Claim and Other Relief* (Dkt. 1) (hereafter, the "Complaint") and answers as follows in correspondingly titled and numbered paragraphs[1]:

---

[1] ERCOT incorporates the Complaint's headings solely for ease of reference.  ERCOT expressly denies all factual and legal contentions within all headings and sub-headings of the Complaint.

## ANSWER

### I.  NATURE OF THE ACTION

1.     Paragraph 1 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 1 and denies that the Debtor is entitled to the relief requested in paragraph 1.

2.     Paragraph 2 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 2 and denies that the Debtor is entitled to the relief requested in paragraph 2.

3.     Paragraph 3 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 3 and denies that the Debtor is entitled to the relief requested in paragraph 3.

4.     Paragraph 4 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 4 and denies that the Debtor is entitled to the relief requested in paragraph 4.

### II.  THE PARTIES

5.     ERCOT admits that Brazos filed a petition for relief under Chapter 11 of the Bankruptcy Code. ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 5, and therefore, ERCOT denies the remaining allegations in the first and second sentences of paragraph 5.

6.     ERCOT admits the allegations in paragraph 6.

### III.  JURISDICTION, VENUE, AND AUTHORITY

7.     Paragraph 7 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 7.

8.      Paragraph 8 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 8.

9.      Paragraph 9 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 9.

10.     Paragraph 10 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 10.  Pursuant to Local Bankruptcy Rule 7008-1, ERCOT does not consent to the entry of final orders or judgment by the Court.

## IV.     FACTUAL BACKGROUND

**A.      The Debtor.**

11.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, ERCOT denies the allegations in paragraph 11.

12.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, ERCOT denies the allegations in paragraph 12.[2]

13.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, ERCOT denies the allegations in paragraph 13.

14.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, ERCOT denies the allegations in paragraph 14.

15.     Answering paragraph 15 of the Complaint, the invoices it delivered to the Debtor referenced in paragraph 15 speak for themselves.  Otherwise, ERCOT lacks knowledge or

---

[2] Paragraph 12, and many of the Complaint's subsequent paragraphs, contain footnotes.  The admissions and/or denials as set forth herein for any given paragraph should be construed as also applying to any footnotes referenced in those respective paragraphs.

information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore, ERCOT denies the allegations in paragraph 15.

**B.      ERCOT, the ERCOT Protocols, the Texas Interconnection.**

16.      ERCOT admits the allegations in the first sentence of paragraph 16.  ERCOT denies the allegations contained in the second and third sentences of paragraph 16  ERCOT admits the allegations in the fourth and fifth sentences of paragraph 16.

17.      ERCOT denies it schedules power at the retail level and denies that 86,000 MW of available generation capacity is at all times available. Otherwise, ERCOT admits the allegations contained in paragraph 17.

18.      To the extent it is being asserted in paragraph 18, ERCOT denies that it is responsible for ensuring adequate generation is always available.  Otherwise, ERCOT admits the allegations in paragraph 18.

19.      Answering paragraph 19 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 19.

20.      Answering paragraph 20 of the Complaint, the documents speak for themselves. Otherwise, paragraph 20 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

21.      Answering paragraph 21 of the Complaint, the documents speak for themselves. Otherwise, paragraph 21 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

C.    **The Standard Form Market Participant Agreement.**

22.    ERCOT admits the allegations in paragraph 22.

23.    Answering paragraph 23 of the Complaint, the documents speak for themselves. Otherwise, paragraph 23 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

24.    Answering paragraph 24 of the Complaint, the documents speak for themselves. Otherwise, paragraph 24 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

25.    Answering paragraph 25 of the Complaint, the documents speak for themselves. Otherwise, the allegations in paragraph 25 are denied.

D.    **Winter Storm Uri.**

26.    Answering paragraph 26 of the Complaint, the documents speak for themselves. Otherwise, the allegations in paragraph 26 are denied.

27.    ERCOT admits the allegations in paragraph 27.

28.    Answering paragraph 28 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 28.

29.    Answering paragraph 29 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 29.

30.    ERCOT admits the allegations in paragraph 30.

31.    Answering paragraph 31 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 31.

32.     ERCOT admits the allegations in paragraph 32.

33.     Answering paragraph 33 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

34.     ERCOT admits that it experienced emergency conditions that could have resulted in grid failure and initiated rotating outages on February 15, 2021.  Otherwise, ERCOT denies the allegations of paragraph 34.

35.     ERCOT admits that EEA Level 3 remained in effect until February 19, 2021. Otherwise, ERCOT denies the allegations of paragraph 35.

36.     Answering paragraph 36 of the Complaint, the documents speak for themselves. Otherwise, paragraph 36 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

37.     With respect to the allegations in paragraph 37, ERCOT admits only that the Debtor sent it a letter with a re: line of "Notice of Force Majeure Event" and that the letter speaks for itself.  Otherwise, ERCOT denies the allegations in paragraph 37.

38.     ERCOT denies the allegations in paragraph 38.

**E.     The Bankruptcy Case.**

39.     ERCOT admits the allegations in paragraph 39.

40.     ERCOT admits the allegations in paragraph 40.

41.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions and allegations contained in the declaration the subject of paragraph 41 as they relate to the Debtor.

42.     Answering paragraph 42 of the Complaint, the Court's orders speak for themselves.

**F.     The ERCOT Claim.**

43.     Answering paragraph 43 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 43.

44.     Answering paragraph 44 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 44.

45.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, therefore, ERCOT denies the allegations in paragraph 45.

46.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, therefore, ERCOT denies the allegations in paragraph 46.

## V.     GROUNDS FOR OBJECTION TO ALLOWANCE AND CLASSIFICATION

**A.     ERCOT's charges to the Debtor for energy during Winter Storm Uri contradict the terms of the SFA and the ERCOT Protocols.**

47.     Answering paragraph 47 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 47.

48.     ERCOT denies the allegations in paragraph 48.

49.     ERCOT denies the allegations in paragraph 49.

50.     ERCOT denies the allegations in paragraph 50.

51.     Answering paragraph 51 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 51.

52.     Answering paragraph 52 of the Complaint, the documents speak for themselves. Otherwise, ERCOT admits the allegations in paragraph 52.

53.     ERCOT denies the allegations in paragraph 53.

54.     ERCOT denies the allegations in paragraph 54.

55.     ERCOT denies the allegations in the first sentence of paragraph 55.  ERCOT admits the allegations in the second sentence of paragraph 55.

56.     Answering paragraph 56 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

57.     Answering paragraph 57 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

58.     Answering paragraph 58 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

59.     Answering paragraph 59 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

60.     Answering paragraph 60 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

61.     ERCOT denies the allegations in paragraph 61.

62.     Answering paragraph 62 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

63.     ERCOT denies the allegations in paragraph 63.

64.     Paragraph 64 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 64.

65.     ERCOT denies the allegations in paragraph 65.

66.     Answering paragraph 66 of the Complaint, the documents speak for themselves. Otherwise, paragraph 66 is denied.

67.     Answering paragraph 67 of the Complaint, the documents speak for themselves. Otherwise, paragraph 67 is denied.

68.     Paragraph 68 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 68.

69.     ERCOT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69; therefore, ERCOT denies the allegations in this paragraph.

70.     Answering paragraph 70 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

71.     Answering paragraph 71 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

72.     Answering paragraph 72 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

73.     ERCOT denies the allegations in paragraph 73.

**B.      ERCOT failed to mitigate its claim.**

74.     Paragraph 74 states legal conclusions that do not require a response.  To the extent a response is required, the documents speak for themselves and ERCOT denies the allegations in paragraph 74.

75.     Answering paragraph 75 of the Complaint, the documents speak for themselves. Otherwise, ERCOT denies the allegations in paragraph 75.

76.     ERCOT denies the allegations in paragraph 76.

77.     ERCOT denies the allegations in paragraph 77.

78.     Paragraph 78 states legal conclusions that do not require a response. To the extent a response is required, the documents speak for themselves and ERCOT denies the allegations in paragraph 78.

79.     ERCOT denies the allegations in paragraph 79.

80.     ERCOT denies the allegations in paragraph 80.

81.     Answering paragraph 81 of the Complaint, the documents speak for themselves. Otherwise, the allegations in the first sentence of paragraph 81 are denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).  ERCOT admits the allegations in the second sentence of paragraph 81.

82.     ERCOT admits the allegations in the first sentence of paragraph 82.  ERCOT denies the allegations set forth in the second sentence of paragraph 82.

83.     ERCOT denies the allegations in paragraph 83.

84.     ERCOT denies the allegations in paragraph 84.

85.     ERCOT denies the allegations in paragraph 85.

86.     ERCOT denies the allegations in paragraph 86.

87.     Answering paragraph 87 of the Complaint, the documents speak for themselves. Otherwise, paragraph 87 is denied.

88.     Answering paragraph 88 of the Complaint, the documents speak for themselves. Otherwise, paragraph 88 is denied.

89.     ERCOT denies the allegations in paragraph 89.

90.     ERCOT denies the allegations in paragraph 90.

91.     Answering paragraph 91 of the Complaint, the documents speak for themselves. Otherwise, ERCOT denies the allegations in paragraph 91.

92.     Answering paragraph 92 of the Complaint, the documents speak for themselves. Otherwise, paragraph 92 is denied.

**C.     The Debtor was not in default prior to petition date.**

93.     Answering paragraph 93 of the Complaint, the documents speak for themselves. Otherwise, paragraph 93 is denied.

94.     ERCOT admits it did not send a notice of default to the Debtor.  Otherwise, ERCOT denies the allegations in paragraph 94.

95.     Answering paragraph 95 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

96.     Answering paragraph 96 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

97. With respect to the allegations in paragraph 97, ERCOT admits only that the Debtor sent it a letter with a re: line of "Notice of Force Majeure Event" and that the letter speaks for itself. Otherwise, ERCOT denies the allegations in paragraph 37.

98. Answering paragraph 98 of the Complaint, the documents speak for themselves. Otherwise, the allegations in paragraph 98 are denied.

99. Answering paragraph 99 of the Complaint, the documents speak for themselves. Otherwise, the allegations in paragraph 99 are denied.

100. Answering paragraph 100 of the Complaint, the documents speak for themselves. Otherwise, the allegations in paragraph 100 are denied.

**D.      ERCOT charged unreasonably high prices for ancillary services.**

101. ERCOT admits the allegations in paragraph 101.

102. ERCOT admits the allegations in paragraph 102.

103. ERCOT admits the allegations in paragraph 103.

104. ERCOT admits the allegations in paragraph 104.

105. ERCOT denies the allegations in paragraph 105.

**E.      ERCOT failed to ensure the reliability and adequacy of the regional electrical network.**

106. Paragraph 106 states legal conclusions that do not require a response. To the extent a response is required, ERCOT admits the allegations in paragraph 106.

107. Answering paragraph 107 of the Complaint, the documents speak for themselves. Otherwise, denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents and with the intent of the drafter(s).

108. Answering paragraph 108 of the Complaint, the documents speak for themselves. Otherwise, ERCOT denies the allegations in paragraph 108.

109.     ERCOT admits that a rapid drop in frequency placed the grid in danger.  Otherwise, ERCOT denies the allegations in paragraph 109.

110.     ERCOT admits the allegations in paragraph 110.

111.     ERCOT admits that cold Texas weather can have a severe impact on the electric grid.  Otherwise, ERCOT denies the allegations in paragraph 111.

112.     Answering paragraph 112 of the Complaint, the documents speak for themselves.  Otherwise, ERCOT denies the allegations in paragraph 112.

113.     ERCOT denies the allegations in paragraph 113.

**F.     The ERCOT Claim must be reclassified as a general unsecured claim.**

114.     ERCOT admits the allegations in paragraph 114.

115.     Paragraph 115 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 115.

116.     ERCOT denies the allegations in paragraph 116.

117.     ERCOT denies the allegations in paragraph 117.

118.     Paragraph 118 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 118.

119.     Paragraph 119 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 119 and denies that the Debtor is entitled to the relief requested in paragraph 119.

120.     Paragraph 120 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 120 and denies that the Debtor is entitled to the relief requested in paragraph 120.

## VI.    CAUSES OF ACTION

121.    Paragraph 121 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 121 and denies that the Debtor is entitled to the relief requested in paragraph 121.

**COUNT 1:  OBJECTION TO ERCOT CLAIM UNDER 11 U.S.C. § 502(B)(1): EXCESSIVE CHARGES BY ERCOT THAT CONFLICT WITH THE SFA**

122.    ERCOT incorporates by reference paragraphs 1-121 above, as if fully set forth herein.

123.    Paragraph 123 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 123 and denies that the Debtor is entitled to the relief requested in paragraph 123.

124.    Answering paragraph 124 of the Complaint, the documents speak for themselves. Otherwise, ERCOT denies the allegations in paragraph 124 and denies that the Debtor is entitled to the relief requested in paragraph 124.

125.    Answering paragraph 125 of the Complaint, the documents speak for themselves. Otherwise, ERCOT denies the allegations in paragraph 125 and denies that the Debtor is entitled to the relief requested in paragraph 125.

126.    Paragraph 126 states legal conclusions that do not require a response. To the extent a response is required, ERCOT denies the allegations in paragraph 126 and denies that the Debtor is entitled to the relief requested in paragraph 126.

**COUNT 2:  OBJECTION TO ERCOT CLAIM UNDER 11 U.S.C. § 502(B)(1): ERCOT'S FAILURE TO MITIGATE**

127.    ERCOT incorporates by reference paragraphs 1-126 above, as if fully set forth herein.

128.    ERCOT denies the allegations in paragraph 128.

129.    ERCOT denies the allegations in paragraph 129.

130.    Answering paragraph 130 of the Complaint, the documents speak for themselves. Otherwise, ERCOT denies the allegations in paragraph 130.

131.    Paragraph 131 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 131.

132.    Paragraph 132 states legal conclusions that do not require a response.  Additionally, the documents referenced in paragraph 132 speak for themselves. Otherwise, and to the extent a response is required, ERCOT denies the allegations in paragraph 132.

133.    ERCOT denies the allegations in paragraph 133.

134.    Paragraph 134 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 134 and denies that the Debtor is entitled to the relief requested in paragraph 134.

### COUNT 3:  OBJECTION TO ERCOT CLAIM UNDER 11 U.S.C. § 502(B)(1): NO PRE-PETITION DEFAULT DUE TO FORCE MAJEURE

135.    ERCOT incorporates by reference paragraphs 1-134 above, as if fully set forth herein.

136.    ERCOT denies the allegations in paragraph 136.

137.    Paragraph 137 states legal conclusions that do not require a response.  Additionally, the documents referenced in paragraph 137 speak for themselves. Otherwise, and to the extent a response is required, ERCOT denies the allegations in paragraph 137.

138.    Paragraph 138 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 138 and denies that the Debtor is entitled to the relief requested in paragraph 138.

**COUNT 4:  OBJECTION TO ERCOT CLAIM UNDER 11 U.S.C. § 502 AND ACTION
TO AVOID CONSTRUCTIVELY FRAUDULENT OBLIGATION
UNDER 11 U.S.C. § 548**

139.    ERCOT incorporates by reference paragraphs 1-138 above, as if fully set forth herein.

140.    Paragraph 140 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 140 and denies that the Debtor is entitled to the relief requested in paragraph 140.

141.    Paragraph 141 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 141 and denies that the Debtor is entitled to the relief requested in paragraph 141.

**COUNT 5: OBJECTION TO ERCOT CLAIM UNDER 11 U.S.C. § 502 AND ACTION TO
AVOID CONSTRUCTIVELY FRAUDULENT OBLIGATION UNDER 11 U.S.C. § 544(B)
AND TEX. BUS. & COM. CODE § 24.005**

142.    ERCOT incorporates by reference paragraphs 1-141 above, as if fully set forth herein.

143.    Paragraph 143 states legal conclusions that do not require a response. To the extent a response is required, ERCOT denies the allegations in paragraph 143 and denies that the Debtor is entitled to the relief requested in paragraph 143.

144.    Paragraph 144 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 144 and denies that the Debtor is entitled to the relief requested in paragraph 144.

145.    ERCOT denies the allegations in paragraph 145.

146.    Paragraph 146 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 146 as they relate to creditors holding unsecured claims against the Debtor and therefore denies them. ERCOT denies the remaining allegations in paragraph 146 and denies that the Debtor is entitled to the relief requested in paragraph 146.

147.    Paragraph 147 states legal conclusions that do not require a response. To the extent a response is required, ERCOT denies the allegations in paragraph 147 and denies that the Debtor is entitled to the relief requested in paragraph 147.

## COUNT 6: OBJECTION TO PRIORITY OF ERCOT CLAIM UNDER 11 U.S.C. § 503(B)(9): ELECTRICITY IS NOT A GOOD

148.    ERCOT incorporates by reference paragraphs 1-147 above, as if fully set forth herein.

149.    Paragraph 149 states legal conclusions that do not require a response. To the extent a response is required, ERCOT denies the allegations in paragraph 149 and denies that the Debtor is entitled to the relief requested in paragraph 149.

150.    Paragraph 150 states legal conclusions that do not require a response. To the extent a response is required, ERCOT denies the allegations in paragraph 150.

151.    Paragraph 151 states legal conclusions that do not require a response. To the extent a response is required, ERCOT denies the allegations in paragraph 151 and denies that the Debtor is entitled to the relief requested in paragraph 151.

## COUNT 7: OBJECTION TO PRIORITY OF ERCOT CLAIM UNDER 11 U.S.C. § 503(B)(9): ANCILLARY SERVICES ARE NOT GOODS

152.    ERCOT incorporates by reference paragraphs 1-151 above, as if fully set forth herein.

153.     Paragraph 153 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 153 and denies that the Debtor is entitled to the relief requested in paragraph 153.

154.     Paragraph 154 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 154.

155.     Paragraph 155 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 155 and denies that the Debtor is entitled to the relief requested in paragraph 155.

### COUNT 8: OBJECTION TO PRIORITY OF ERCOT CLAIM UNDER 11 U.S.C. § 503(B)(9): GOODS WERE NOT SOLD IN THE ORDINARY COURSE OF THE DEBTOR'S BUSINESS

156.     ERCOT incorporates by reference paragraphs 1-155 above, as if fully set forth herein.

157.     Paragraph 157 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 157 and denies that the Debtor is entitled to the relief requested in paragraph 157.

158.     Paragraph 158 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 158.

159.     Paragraph 159 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 159 and denies that the Debtor is entitled to the relief requested in paragraph 159.

**COUNT 9: OBJECTION TO PRIORITY OF ERCOT CLAIM UNDER
11 U.S.C. § 503(B)(9): THE ERCOT CLAIM EXCEEDS
THE VALUE OF THE GOODS RECEIVED**

160.    ERCOT incorporates by reference paragraphs 1-159 above, as if fully set forth herein.

161.    Paragraph 161 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 161 and denies that the Debtor is entitled to the relief requested in paragraph 161.

162.    Paragraph 162 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 162.

163.    Paragraph 163 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 163 and denies that the Debtor is entitled to the relief requested in paragraph 163.

### VII.    RESERVATION OF RIGHTS AND RIGHT TO AMEND

164.    Paragraph 164 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 164 and denies that the Debtor is entitled to the relief requested in paragraph 164.

165.    Paragraph 165 states legal conclusions that do not require a response.  To the extent a response is required, ERCOT denies the allegations in paragraph 165 and denies that the Debtor is entitled to the relief requested in paragraph 165.

### VIII.   PRAYER

166.    The statements in the Complaint's Prayer do not contain any allegations that ERCOT is required to admit or deny.  However, to the extent any portion of the Debtor's Prayer

may be deemed to require admission or denial, ERCOT denies such allegations and denies that the Debtor is entitled to any of its requested relief.

167.     Answering further, and by way of defense, ERCOT states that any allegations contained in the paragraphs of the Complaint that have not been expressly admitted or modified are hereby denied.  Any general allegations not specific to ERCOT are also denied.

## AFFIRMATIVE DEFENSES

ERCOT asserts the following Affirmative Defenses listed below.  ERCOT reserves the right to amend its Answer, including asserting additional defenses and counterclaims consistent with the facts discovered in the case.

### First Affirmative Defense

1.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because of the Debtor's prior material breach.

### Second Affirmative Defense

2.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, due to a lack of causation between ERCOT's alleged breach and the alleged harm or loss for which the Debtor seeks relief.  Any alleged harm or loss for which the Debtor seeks relief is not traceable to ERCOT's conduct.

### Third Affirmative Defense

3.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because the Debtor did not mitigate its damages, if any.

**Fourth Affirmative Defense**

4.      Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because at all relevant times ERCOT exercised its reasonable and legally permissible discretion.

**Fifth Affirmative Defense**

5.      Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint has failed to state a claim upon which relief can be granted and has failed to state facts upon which relief can be granted.

**Sixth Affirmative Defense**

6.      Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, due to a failure of conditions precedent and/or exhaustion of administrative remedies.

**Seventh Affirmative Defense**

7.      Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, by its failure to join necessary parties; specifically, the Public Utility Commission of Texas ("PUCT"), among others potentially impacted by Debtor's claims.

**Eighth Affirmative Defense**

8.      Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because this Court lacks subject matter jurisdiction.

**Ninth Affirmative Defense**

9.      Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because any alleged harm or loss for which the Debtor seeks relief is due to the conduct of individuals or entities over whom ERCOT exercised no control. Further, any alleged harm or loss for which the Debtor seeks relief arose from intervening, superseding, and/or new and independent causes over which ERCOT has no control.

**Tenth Affirmative Defense**

10.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because any alleged harm or loss for which Debtor seeks relief arose from intervening, superseding, and/or new and independent causes over which ERCOT has no control.

**Eleventh Affirmative Defense**

11.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, based on waiver, estoppel, and ratification.  Debtor is a long-time Market Participant in the ERCOT market, was an active participant in the development of the ERCOT protocols, and is an entity subject to the authority of the PUCT.

## Twelfth Affirmative Defense

12.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because ERCOT is entitled to and does hereby invoke the defenses concerning limitation on liability.

## Thirteenth Affirmative Defense

13.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, by the doctrine of sovereign immunity.  ERCOT is immune from liability with respect to Debtor's claims.

## Fourteenth Affirmative Defense

14.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, because any alleged harm or loss for which Debtor seeks relief arose from an Act of God.

## Fifteenth Affirmative Defense

15.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Count 5 of the Debtor's Complaint is barred or fails, in whole or in part, by Debtor's unclean hands and its request for inequitable relief.

## Sixteenth Affirmative Defense

16.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, pursuant to Tex. Bus. & Com. Code § 24.009.

**Seventeenth Affirmative Defense**

17.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, the Debtor's Complaint is barred or fails, in whole or in part, pursuant to 11 U.S.C. § 548.

**Additional Defenses**

18.     Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, ERCOT may have other affirmative defenses not currently known to it which may become known through discovery and/or other proceedings in this lawsuit.  ERCOT reserves the right to modify, amend or supplement this Answer and assert additional affirmative defenses as they become known, if applicable, in order to conform to the facts which may later be revealed.

Dated: September 14, 2021

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Jamil N. Alibhai*
    Kevin M. Lippman
    Texas Bar No. 00784479
    klippman@munsch.com
    Deborah Perry
    Texas Bar No. 24002755
    dperry@munsch.com
    Jamil N. Alibhai
    Texas Bar No. 00793248
    jalibhai@munsch.com
    Ross H. Parker
    Texas State Bar No. 24007804
    rparker@munsch.com

    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile:  (214) 855-7584

**ATTORNEYS FOR THE ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I certify that on September 14, 2021, I caused a copy of the foregoing document to be served via CM/ECF and email on the following counsel of record for Brazos and the Committee of Unsecured Creditors:

Lino Mendiola
linomendiola@eversheds-sutherland.us

Michael Boldt
michaelboldt@eversheds-sutherland.us

Jim Silliman
jimsilliman@eversheds-sutherland.us

Louis R. Strubeck, Jr.
lstrubeck@omm.com

Nick Hendrix
nhendrix@omm.com

Megan Young-John
myoung-john@porterhedges.com

John F. Higgins
jhiggins@porterhedges.com

Heather K. Hatfield
hhatfield@porterhedges.com

Thomas Moers Mayer
tmayer@kramerlevin.com

Amy Caton
acaton@kramerlevin.com

Jason L. Boland
jason.boland@nortonrosefulbright.com

Julia G. Harrison
julie.harrison@nortonrosefulbright.com

Maria Mokrzycka
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan
paul.trahan@nortonrosefulbright.com

Michael M. Parker
michael.parker@nortonrosefulbright.com

Steve E. Peirce
steve.peirce@nortonrosefulbright.com

Eric D. Wade
ewade@porterhedges.com

M. Shane Johnson
sjohnson@porterhedges.com

Ronald S. Greenberg
rgreenberg@kramerlevin.com

Jennifer Sharret
jsharret@kramerlevin.com

*/s/  Jamil N. Alibhai*
Jamil N. Alibhai

4819-4336-5627v.1 012761.00004