IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>Debtor. | § § § § § § § § | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,<br><br>Defendant. | § § § § § § § § § § § § § § § | Adv. No. 21-03863 |

**ERCOT'S NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM TO ALLIANCE FOR COOPERATIVE ENERGY SERVICES POWER MARKETING, LLC**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Electric Reliability Council of Texas, Inc. ("ERCOT") serves the following Subpoena Duces Tecum on Alliance For Cooperative Energy Services Power Marketing, LLC ("ACES") and requests that ACES produce for inspection the items requested at the office of Jonathan G. Polak, TAFT LAW, One Indiana Square, Suite 3500, Indianapolis, Indiana 46204-2023.

Dated: September 22, 2021　　　　　　　　**MUNSCH HARDT KOPF & HARR, P.C.**

　　　　　　　　　　　　　　　　　　　　By: /s/ *Jamil N. Alibhai*
　　　　　　　　　　　　　　　　　　　　　　Kevin M. Lippman
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00784479
　　　　　　　　　　　　　　　　　　　　　　klippman@munsch.com
　　　　　　　　　　　　　　　　　　　　　　Deborah Perry
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24002755
　　　　　　　　　　　　　　　　　　　　　　dperry@munsch.com
　　　　　　　　　　　　　　　　　　　　　　Jamil N. Alibhai
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00793248
　　　　　　　　　　　　　　　　　　　　　　jalibhai@munsch.com
　　　　　　　　　　　　　　　　　　　　　　Ross Parker
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24007804
　　　　　　　　　　　　　　　　　　　　　　rparker@munsch.com

　　　　　　　　　　　　　　　　　　　　　　3800 Ross Tower
　　　　　　　　　　　　　　　　　　　　　　500 N. Akard Street
　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas  75201-6659
　　　　　　　　　　　　　　　　　　　　　　Telephone: (214) 855-7500
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (214) 855-7584

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR THE ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on September 22, 2021, I caused a copy of the foregoing document to be served via the Court's CM/ECF system and e-mail on the following counsel of record for the Debtor and the Committee of Unsecured Creditors:

| | |
|---|---|
| Lino Mendiola<br>linomendiola@eversheds-sutherland.us | Jason L. Boland<br>jason.boland@nortonrosefulbright.com |
| Michael Boldt<br>michaelboldt@eversheds-sutherland.us | Julia G. Harrison<br>julie.harrison@nortonrosefulbright.com |
| Jim Silliman<br>jimsilliman@eversheds-sutherland.us | Maria Mokrzycka<br>maria.mokrzycka@nortonrosefulbright.com |
| Louis R. Strubeck, Jr.<br>lstrubeck@omm.com | Paul Trahan<br>paul.trahan@nortonrosefulbright.com |
| Nick Hendrix<br>nhendrix@omm.com | Michael M. Parker<br>michael.parker@nortonrosefulbright.com |
| Megan Young-John<br>myoung-john@porterhedges.com | Steve E. Peirce<br>steve.peirce@nortonrosefulbright.com |
| John F. Higgins<br>jhiggins@porterhedges.com | Eric D. Wade<br>ewade@porterhedges.com |
| Heather K. Hatfield<br>hhatfield@porterhedges.com | M. Shane Johnson<br>sjohnson@porterhedges.com |
| Thomas Moers Mayer<br>tmayer@kramerlevin.com | Ronald S. Greenberg<br>rgreenberg@kramerlevin.com |
| Amy Caton<br>acaton@kramerlevin.com | Jennifer Sharret<br>jsharret@kramerlevin.com |

                                                          */s/  Jamil N. Alibhai*
                                                          Jamil N. Alibhai

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____Texas_____

In re __Brazos Electric Power Cooperative, Inc.__
Debtor

Case No. __21-30725 (DRJ)__

*(Complete if issued in an adversary proceeding)*

Chapter __11__

__Brazos Electric Power Cooperative, Inc.__
Plaintiff
v.
__Electric Reliability Council of Texas, Inc.__
Defendant

Adv. Proc. No. __21-03863__

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Alliance For Cooperative Energy Services Power Marketing, LLC ("ACES")**
__4140 West 99th Street, Carmel, IN 46032__

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Exhibit "A"**

| PLACE | DATE AND TIME |
|---|---|
| Jonathan Polak, Taft Law, One Indiana Square, Suite 3500 Indianapolis, Indiana 46204-2023 | October 7, 2021, 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __09/22/2021__

CLERK OF COURT

OR

_____    __/s/ Jamil N. Alibhai__
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Electric Reliability Council of Texas, Inc.**, who issues or requests this subpoena, are:

**Jamil N. Alibhai, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201, (214) 855-7500, jalibhai@munsch.com**     **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 21-03863   Document 37   Filed in TXSB on 09/22/21   Page 5 of 13

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

## I.
## DEFINITIONS

1. "You," "your," and/or "ACES" refers to Alliance For Cooperative Energy Services Power Marketing, LLC as well as its officers, directors, partners, employees, members, owners and beneficiaries, agents, representatives, attorneys, consultants, advisors, or other Persons acting or purporting to act under its control or on its behalf.

2. "Debtor" and/or "Brazos" refers to Brazos Electric Power Cooperative, Inc., the debtor in the Chapter 11 Case and Plaintiff in this action, including any of its affiliates, subsidiaries, divisions, predecessors or successors, as well as its past and present officers, directors, partners, employees, members, owners and beneficiaries, agents, representatives, attorneys, consultants, advisors, or other Persons acting or purporting to act under its control or on its behalf.

3. "ERCOT" refers to the Electric Reliability Council of Texas, Inc. in this action, as well as its officers, directors, employees, and agents, representatives, attorneys, consultants, advisors, or other persons acting or purporting to act under its control or on its behalf.

4. "PUCT" refers to the Public Utility Commission of Texas, as well as its past and present Commissioners, officers, directors, employees, and agents, representatives, attorneys, consultants, advisors, or other persons acting or purporting to act under its control or on its behalf.

5. "Coop Members" refers to (1) Mid-South Electric Cooperative Association; (2) Wise Electric Cooperative, Inc.; (3) Denton County Electric Cooperative, Inc., d/b/a CoServ Electric (4) United Electric Cooperative Services, Inc., d/b/a United Cooperative Services; (5) Comanche County Electric Cooperative Association; (6) Hamilton County Electric Cooperative Association; (7) J-A-C Electric Cooperative, Inc.; (8) South Plans Electric Cooperative, Inc.; (9) Heart of Texas Electric Cooperative, Inc.; (10) Cooke County Electric Cooperative Association, d/b/a PenTex Energy; (11) Navarro County Electric Cooperative, Inc.; (12) Bartlett Electric Cooperative, Inc.; (13) Fort Belknap Electric Cooperative, Inc.; (14) HILCO Electric Cooperative, Inc.; (15) Navasota Valley Electric Cooperative, Inc.; and, (16) Tri-County Electric Cooperative, Inc.

6. The "Committee" refers to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case of Brazos Electric Power Cooperative, Inc., Case No. 21-30725, currently pending in the United States Bankruptcy Court for the Southern District of Texas Houston Division.

7. "Person" should be read to include an individual, an association, a corporation, a limited liability company, a partnership, a joint venture, a governmental body, or any other entity.

8. "Winter Storm Uri" means the winter storm that impacted Texas between February 10-20, 2021.

9. "Possession, custody, or control" of a document means that You have either physical possession of the item or have a right to possession, or access to, that is equal or superior to the person who has physical possession of the item.

10. "Concerning," "relating to," and "regarding" shall be broadly construed to mean having any rational connection whatsoever with the subject matter, and shall be construed as being fully coextensive and synonymous with each of the following: analyzing, connected with, constituting, containing, correlating, describing, discussing, embodying, evaluating, evidencing, including, mentioning, noting, pertaining to, recording, referring to, reflecting, regarding, respecting, stating, studying, and supporting.

11. "Communication" means and includes all forms of communication conveyed or exchanged by oral, visual, mechanical, electronic, written, or any other means, for any purpose, including but not limited to the transmittal of facts, ideas, information, inquiries, opinions, thoughts, or any other subject matter. The term "communication" includes but is not limited to email transmissions and text messages.

12. "Document" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure. The term "Document" shall include any written or graphic matter, however produced or reproduced, of any kind or description, including originals, marked copies and drafts and both sides thereof, electronically-stored information or data, and including but not limited to correspondence, letters, telegrams, cables, telex messages, email transmissions (including deleted email transmissions), text messages (including deleted text messages), call logs, memoranda, notes and notations, notepapers, interoffice and interdepartmental communications, transcripts, notes and minutes of telephone and other conversations, notes and minutes of meetings, books, pamphlets, periodicals, press clippings, articles, requisitions, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, license agreements, financial statements, ledgers, checks, check stubs, books and records of accounts, statistical records, tax returns, desk calendars, books, diaries, list tabulations, summaries, charts, graphs, maps, surveys, plans, drawings, specifications, sound recordings, photographs, video recordings, computer tapes or printouts, magnetic tapes, microfilms, punch cards, and all other records kept by electronic, photographic, mechanical or other means, and all documents and tangible things similar to any of the foregoing.

13. "Chapter 11 Case" refers to the bankruptcy case of Brazos Electric Power Cooperative, Inc., Case No. 21-30725, currently pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

14. "Claim" refers the claim filed by ERCOT on June 14, 2021 in the Debtor's Ch. 11 case.

15. "Complaint" refers to the Debtor's Complaint filed on August 18, 2021 Objecting to ERCOT's Proof of Claim.

16. The term "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

5

17. The term "each" shall be construed to include the word "every," and the word "every" to include the word "each."

18. The conjunctions "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside of their scope.

19. The "2011 Southwest Cold Weather Event" means the unusually cold and windy weather experienced by the Southwest region of the United States during the first week of February 2011 that resulted in issues concerning the availability of electricity and natural gas in the ERCOT region.

## II.
## INSTRUCTIONS

1. Unless otherwise stated, this Request for the Production of Documents ("Request" or "Requests") calls for production of all Documents (as defined in the Definitions provided below) within Your possession, custody or control.

2. These Requests are continuing in nature and must be amended and/or supplemented on a timely basis as required by the Federal Rules of Civil Procedure and any orders of the Court.

3. The past tense includes the present tense and vice versa.

4. All words and phrases shall be construed as masculine, feminine, or gender neutral according to the context.

5. Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

6. Please produce responsive documents as they have been kept in the usual course of business.

7. If there are no documents responsive to any particular request, please state so in writing.

8. Unless otherwise noted, the dates applicable to the document requests set forth below are **January 1, 2019 to present** (the "Relevant Period"), and each request covers any and all documents created, dated, sent, received, in effect, or in Your possession at any time during the Relevant Period.

## III.
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents and communications exchanged between You and Brazos or the Coop Members related to risk management from January 1, 2019 to the present, including, but not limited to: (i) wholesale electricity prices and interest-rate exposure for any portion of its debt levels; and/or (ii) its dependence on natural gas for generating power.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Documents and communications exchanged between You and Brazos or the Coop members related to Brazos's 2020 Request for Information for ERCOT Energy Resources from January 1, 2020 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show energy market risk management functions or activities performed by You on behalf of Brazos since January 1, 2011.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All contracts and hedging arrangements to which Brazos is a party since January 1, 2011.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Documents and communications exchanged between You and Brazos or the Coop Members related to buying or selling of electricity in 2021 using Real-Time or Day-Ahead Markets facilitated by ERCOT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Any contracts or hedging arrangements between You and Brazos that Brazos signed during the week beginning February 8th for a delivery period that includes any part or all of delivery dates February 14, 2021 through February 21, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Documents and communications exchanged between You and Brazos or the Coop Members related to any contracts or hedging arrangements that Brazos signed during the week beginning February 8th for a delivery period that includes any part or all of delivery dates February 14, 2021 through February 21, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications exchanged between You and Brazos or the Coop Members related to any offers or negotiations for contracts or hedging arrangements that Brazos did not sign or enter into during the week beginning February 8th for a delivery period that includes any part or all of delivery dates February 14, 2021 through February 21, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the details of the hedging program in effect at Brazos between February 2019 and February 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Documents and communications exchanged between You and Brazos or the Coop Members related to the costs and benefits Brazos has realized or could have realized due to Brazos' hedging activity or lack thereof from January 1, 2019 to present.

**RESPONSE:**

8

**REQUEST FOR PRODUCTION NO. 11:**

Documents and communications exchanged between You and Brazos or the Coop Members related to any financial exposure created by Brazos's hedging activity or lack thereof from January 1, 2019 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show Your energy-market risk strategy for Brazos in place during Winter Storm Uri, regardless of when it was devised, and communications between You and Brazos concerning management of energy-market risk from January 1, 2019 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Documents and communications exchanged between You and Brazos or the Coop Members about operational issues or problems related to Brazos's generation facilities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Documents and communications exchanged between You and Brazos or the Coop Members about the value of any of Brazos's assets.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Each consulting agreement between You and Brazos or the Coop Members.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Documents and communications exchanged between You and Brazos or the Coop Members related to decisions to rely on day-ahead and real-time markets during winter months, regardless of when the decisions were made.

**RESPONSE:**