IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER, COOPERATIVE, INC.[1]<br><br>  Debtor. | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,<br><br>  Defendant. | Adv. Proc. No. 21-03863 (DRJ)<br><br>Re:  Docket Nos. 44 and 45 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CALPINE CORPORATION, TENASKA POWER SERVICES CO., NRG ENERGY, INC., ENGIE ENERGY MARKETING NA, INC., TALEN ENERGY SUPPLY, LLC, GOLDEN SPREAD ELECTRIC COOPERATIVE, INC., SOUTH TEXAS ELECTRIC COOPERATIVE, INC., AND NEXTERA ENERGY MARKETING, LLC TO THE *EMERGENCY* MOTIONS FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF <u>UNSECURED CREDITORS</u>**

---

[1] The Debtor in this chapter 11 case, along with the last four digits its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729).  Additional information regarding this case may be obtained on the website of the Debtor's proposed claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

Calpine Corporation, on behalf of itself and each of its affiliates, including but not limited to Calpine Energy Services, L.P., Calpine Energy Solutions, LLC, and Cavallo Energy Texas, LLC (collectively, "Calpine"); Tenaska Power Services Co. ("TPS"); NRG Energy, Inc., on behalf of itself and each of its affiliates, including but not limited to Direct Energy LP, NRG Cedar Bayou Development Company, LLC, NRG South Texas LP, NRG Texas Power LLC, NRG Power Marketing LLC, and Cirro Group, Inc. (collectively, "NRG"); ENGIE Energy Marketing NA, Inc., on behalf of itself and each of its affiliates, including but not limited to Anson Solar Center LLC, Live Oak Wind Project LLC, Engie Long Draw Solar LLC, Las Lomas Wind Project LLC, Jumbo Hill Wind Project, LLC, Prairie Hill Wind Project, LLC, Solaire Holman 1 LLC, Seymour Hills Wind Project LLC and Engie Resources LLC (collectively, "ENGIE"); Talen Energy Supply, LLC, on behalf of itself and each of its affiliates, including but not limited to Talen Energy Marketing, LLC (collectively "Talen"), Golden Spread Electric Cooperative, Inc. ("GSEC"), South Texas Electric Cooperative, Inc. ("STEC"), and NextEra Energy Marketing, LLC, on behalf of itself and certain of its affiliates ("NEM") (together with Calpine, TPS, NRG, ENGIE, GSEC, and STEC, the "Defendant Intervenors"), hereby file this limited objection (the "Limited Objection") to the *Debtor's Emergency Motion for Leave to File Motion for Partial Summary Judgment* (the "Debtor's Motion") [Adv. Docket No. 44] and the *Official Committee of Unsecured Creditors' Emergency Motion for Leave to File Motion for Partial Summary Judgment* (the "UCC Motion", and, together with the Debtor's Motion, the "Motions," and such parties being the "Movants") [Adv. Docket No. 45]. The Defendant Intervenors respectfully state as follows:

1

**Preliminary Statement**

1. Having waited six months to commence this litigation, the Committee and Debtor now seek, on an emergency basis, to revisit the scheduling order and accelerate summary judgment before the completion of discovery. The Defendant Intervenors have significant reservations as to whether summary judgment practice is appropriate at this time. Nevertheless, they will constructively embrace whatever litigation and briefing schedule the Court adopts. But Defendant Intervenors urge the Court to defer ruling on the Movants' procedural Motions until after it has ruled on the Intervention Motion (as defined below) and determined the universe of parties subject to such schedule and litigation.

**Limited Objection and Reservation of Rights**

2. On August 30, 2021, this Court entered the *Scheduling Order* for this action [Adv. Docket No. 13] (the "Scheduling Order"). This negotiated schedule provided for summary judgment motions to be filed after the conclusion of fact discovery on November 23, 2021, and further provided that any party must seek leave and "establish cause" if it wished to move for summary judgment any sooner. Scheduling Order ¶ 2. Neither the Debtor nor the Committee mention—let alone address—the Scheduling Order's "for cause" standard in their Motions.[2]

---

[2] Cause is a "legally sufficient reason." *Cause*, Black's Law Dictionary (11th ed. 2019). "Summary judgment motions are often the most significant pretrial matters," and thus "[i]mposing reasonable limits on when they may be filed . . . is critical[.]" *Julian v. Equifax Check Svcs., Inc.*, 178 F.R.D. 10, 14 (D. Conn. 1998). The question is not whether the matter is ripe for summary judgment, but whether there is "a legally sufficient reason" to burden the parties with summary judgment motions before the parties to the Adversary Proceeding have been established and sufficient discovery has occurred. *See, e.g.*, *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 229 F.R.D. 35, 40 (D. Me. 2005) (deferring summary judgment practice based on the terms of a scheduling order and because "[i]mplicitly the parties and [the Court] dealt with that timing issue in a schedule that did not contemplate summary judgment motions until later") In *In re New Motor Vehicles*, the Court noted the importance of case management procedures in a case, "where there are a multitude of parties and lawyers, the issues are complex, [and] the expenses are high, . . ." *Id*. at 39. Here the facts are similar. At minimum, the Defendant Intervenors should first have their day in Court on the Intervention Motion and, if it is granted, an opportunity to meaningfully participate prior to accelerated summary judgment practice.

3. In any case, since the Scheduling Order was entered, the only material circumstances that have changed relate to intervention. On September 17, 2021, the Defendant Intervenors filed a motion to intervene in the Adversary Proceeding. *See* Adv. Docket No. 28 (the "<u>Intervention Motion</u>"). Twelve of the Debtor's sixteen insider member cooperatives, as well as Luminant Energy Company LLC and Exelon Generation Company, LLC, also filed motions to intervene. *See* Adv. Docket Nos. 29-35.

4. The Debtor and Committee reacted promptly. On September 29, 2021, the Movants filed their respective Motions, seeking emergency leave of the Court to file a motion for partial summary judgment on Count 1 (ERCOT's claim should be substantially reduced) and, with respect to the Committee only, Counts 6 (electricity is not a good) and 7 (ancillary services are not goods).[3] The crux of the Motions is the contention that early adjudication of certain issues will advance the Debtor's efforts to reorganize.

5. That assertion should be considered in light of (1) what has actually changed since the Scheduling Order was negotiated and approved, and (2) the pace the Debtor has thus far taken to address ERCOT's claim. The Debtor filed the Complaint nearly six months after the petition date and more than two months after ERCOT filed its proof of claim. Now, just after other parties seek to intervene to protect their own interests, the Debtor has determined summary judgment should be rushed, before the completion of fact discovery and before the Court has had the opportunity to determine which interested parties should formally be allowed at the table.

6. Resolution of this Adversary Proceeding will be best served by first determining the appropriate parties to this litigation, and only then advancing the litigation. The Defendant

---

[3] The emergency Motions, the Intervention Motion, and ERCOT's motion to dismiss [Adv. Docket No. 23] are currently scheduled to be heard on October 18, 2021.

3

Intervenors will move as fast as the Court determines appropriate.  But for the foregoing reasons, they respectfully request that the Court first determine the list of proper litigants.

[*signature page follows*]

Dallas, Texas
October 11, 2021

By: */s/ Judith Ross*
**ROSS & SMITH, PC**
Judith Ross
700 North Pearl Street, Suite 1610
Dallas, TX 75201
Telephone:   (214) 377-8659
Email:   judith.ross@judithwross.com

*Counsel to Tenaska Power Services Co.*


By: */s/ Annapoorni R. Sankaran*
**HOLLAND & KNIGHT LLP**
Annapoorni R. Sankaran
TX Bar No. 24071918
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone:   (713) 821-7000
Facsimile:   (713) 821-7001
Email:   anna.sankaran@hklaw.com

*Counsel to Golden Spread Electric Cooperative, Inc.*


By: */s/ Patrick L. Hughes*
**HAYNES AND BOONE, LLP**
Patrick L. Hughes
Texas State Bar No. 10227300
David Trausch
Texas State Bar No. 24113513
1221 McKinney, Suite 4000
Houston, TX 77010
Telephone:   (713) 547-2000
Facsimile:   (713) 547-2600
Email:   patrick.hughes@haynesboone.com
Email:   david.trausch@haynesboone.com

*Counsel to South Texas Electric Cooperative, Inc.*


By: */s/ Mark McKane*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
David R. Seligman, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   david.seligman@kirkland.com

-and-

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:   (415) 439-1400
Facsimile:   (212) 439-1500
Email:   mark.mckane@kirkland.com

-and-

Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   aparna.yenamandra@kirkland.com

*Counsel to Calpine Corporation*

5

By: */s/ Ian. E. Roberts*
**SHEARMAN & STERLING**
C. Luckey McDowell (SBT 24034565)
Ian E. Roberts (SBT 24056217)
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 403-0649
Email:  luckey.mcdowell@shearman.com
Email:  ian.roberts@shearman.com

-and-

Joel Moss (admitted *pro hac vice*)
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (212) 848-4693
Email:  joel.moss@shearman.com

-and-

Jonathan M. Dunworth (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone:  (212) 848-5288
Email:  jonathan.dunworth@shearman.com

*Counsel to NRG Energy, Inc., ENGIE Energy Marketing NA, Inc., Talen Energy Supply, LLC, and NextEra Energy Marketing, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 11, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                          */s/ Jonathan M. Dunworth*
                                          Jonathan M. Dunworth