UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC. | § § § § | Chapter 11 <br><br> Case No. 21-30725 (DRJ) |
| Debtor.[1] | § | |

| | | |
|---|---|---|
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., | § § § | |
| Plaintiff, | § § | Adv. Proc No. 21-03863 (DRJ) |
| v. | § § | |
| ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., | § § § § | |
| Defendant. | § | |

**THE PUBLIC UTILITY COMMISSION OF TEXAS'S
STATEMENT IN SUPPORT OF THE ELECTRIC RELIABIILTY COUNCIL OF
TEXAS, INC.'S EMERGENCY MOTION TO DISMISS**

The Public Utility Commission of Texas (the "PUCT"), by and through the Office of the Texas Attorney General, and subject to the PUCT's assertion of sovereign immunity, files this statement (the "Statement") in support of the *Emergency Motion to Dismiss* [Doc. No. 191] (the "Second Motion to Dismiss") filed by the Electric Reliability Council of Texas, Inc. ("ERCOT"), and in support of the Statement, respectfully provides as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's proposed claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

## BACKGROUND

A.   **The Motion to Dismiss**

1. On September 14, 2021, ERCOT filed its *Motion to Dismiss and for Abstention* [Doc. No. 23] (the "First Motion to Dismiss"), which Brazos and the Official Committee of Unsecured Creditors (the "Committee") both opposed. *See* Doc. Nos. 41 and 42.

2. On October 5, 2021, the PUCT filed its *Brief in Support of ERCOT's Motion to Dismiss and for Abstention* [Doc. No. 69] (the "PUCT Brief") wherein the PUCT voiced its support of the First Motion to Dismiss.

3. Thereafter, following a hearing on the matter, the Court entered an order partially granting and partially denying the First Motion to Dismiss [Doc. No. 137] (the "Order"). The Order granted dismissal of Count 1 of the Complaint, but gave the Debtor and the Committee the opportunity to replead.

4. On October 25, 2021, the Debtor filed its *First Amended Complaint* [Doc. No. 173] (the "Amended Complaint"). By the Amended Complaint, the Debtor replead Count 1 as an objection to the ERCOT Claim under Bankruptcy Code section 502(b)(1) based on alleged excessive charges by ERCOT in conflict with the Standard Form Marketing Agreement (the "SFA"). *See* Amended Complaint at ¶¶ 99-132,

5. On November 3, 2021, ERCOT filed its Second Motion to Dismiss.

B.   **The PUCT's Role in the Adversary Proceeding**

6. While the PUCT previously has filed a brief in the Adversary Proceeding and has participated in hearings, the PUCT is not a party to the Adversary Proceeding. In the PUCT Brief, the PUCT described its role in the Adversary Proceeding as follows:

> Prior to the filing of this Brief, the PUCT has not filed any pleadings in the Adversary Proceeding. However, the PUCT has appeared at regularly-scheduled status conferences and hearings related to the Adversary. Moreover, the PUCT has produced – and its continuing to produce – documents to the Debtor and the Committee that are responsive to the Debtor and the Committee's respective requests for production. . . The PUCT also participated in negotiating the terms of the agreed-upon Protective Order.

PUCT Brief at ¶ 36.

7. Also as set forth in the PUCT Brief, the PUCT asserted, and continues to assert, that it is entitled to the protections of sovereign immunity in this Adversary Proceeding.

8. Notwithstanding its status as a non-party, the PUCT continues to take the position that nothing in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or otherwise, precludes the PUCT from providing the Court and other parties-in-interest with the PUCT's position on the important matters set forth in the Adversary Proceeding. To that end, the PUCT is submitting this Statement.

## STATEMENT IN SUPPORT

9. By the Second Motion to Dismiss, ERCOT asserts that "Brazos's repleaded Count 1 still suffers from the same defect as the dismissed Count 1 and should therefore be dismissed again." Second Motion to Dismiss at ¶ 1.

10. The PUCT agrees with this statement and otherwise supports ERCOT's position that the repleaded Count 1 should be dismissed. Count 1 continues to reside on a faulty factual and legal foundation. That is, the fallacy that Brazos's dispute against ERCOT is a breach of contract action that is divorced from any challenge to the PUCT Orders.[2] No amount of artful pleading and no amount of creative legal argumentation changes the fact that the PUCT Orders are legally and factually intertwined with the terms of the SFA and the ERCOT Protocols. For that reason, Count

---

[2] Capitalized terms not otherwise defined have the meanings ascribed to them in the PUCT Brief.

1 remains an improper collateral attack on the PUCT Orders that should not be taken up by this Court. The Court should dismiss Count 1.

11. The PUCT hereby reserves all rights in this matter including, without limitation, the PUCT's continued assertions of sovereign immunity.

Dated:  November 12, 2021              Respectfully submitted,

                                       KEN PAXTON
                                       Attorney General of Texas

                                       BRENT WEBSTER
                                       First Assistant Attorney General

                                       GRANT DORFMAN
                                       Deputy First Assistant Attorney General

                                       SHAWN E. COWLES
                                       Deputy Attorney General for Civil Litigation

                                       SEAN O'NEILL
                                       Assistant Attorney General
                                       Deputy Chief, Bankruptcy & Collections Division

                                       <u>/s/ Jason Binford</u>
                                       JASON B. BINFORD
                                       Texas State Bar No. 24045499
                                       S. Dist. Bar No. 574720
                                       LAYLA D. MILLIGAN
                                       Texas State Bar No. 24026015
                                       S. Dist. Bar No. 38000
                                       Office of the Attorney General of Texas
                                       Bankruptcy & Collections Division
                                       P. O. Box 12548 MC008
                                       Austin, Texas 78711-2548
                                       Telephone: (512) 463-2173
                                       Facsimile: (512) 936-1409
                                       jason.binford@oag.texas.gov
                                       layla.milligan@oag.texas.gov

                                       ATTORNEYS FOR THE PUBLIC UTILITY COMMISSION OF TEXAS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on November 12, 2021.

>*/s/ Jason Binford*
>JASON B. BINFORD
>Assistant Attorney General