IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,<br><br>    Defendant. | Adv. Proc. No. 21-03863 (DRJ) |

**ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.'S RESPONSE IN OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER STRIKING ERCOT'S AMENDED PROOF OF CLAIM**

TO THE HONORABLE DAVID R. JONES, CHIEF U.S. BANKRUPTCY JUDGE:

Electric Reliability Council of Texas, Inc. ("ERCOT") submits this Response in Opposition to *Debtor's Emergency Motion for Entry of an Order Striking ERCOT's Amended Proof of Claim* [Adv. Dkt. No. 233] (the "Motion to Strike").

### I.     PROCEDURAL BACKGROUND

1. On May 5, 2021, the Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner of Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Dkt. No. 515] (the "Bar Date Order").

1

2. On June 14, 2021, ERCOT filed its Original Proof of Claim No. 115-1 (the "Original Proof of Claim").

3. On August 18, 2021, the Debtor filed its *Complaint Objecting to Electric Reliability Council of Texas Inc.'s Proof of Claim and Other Relief* [Adv. Dkt. No. 1] (the "Original Complaint"), thereby commencing this Adversary Proceeding.

4. On August 30, 2021, the Court entered the *Scheduling Order* [Adv. Dkt. No. 13] (the "Scheduling Order").

5. On September 14, 2021, ERCOT filed its *Motion to Dismiss and for Abstention* [Adv. Dkt. No. 23] (the "First Motion to Dismiss") seeking to dismiss various counts in the Original Complaint on, among others, the grounds that the Court should abstain from deciding Brazos's re-pricing claims and that Brazos's claims are futile because the PUCT's orders (the "PUCT Orders") directing the scarcity pricing during Winter Storm Uri are dispositive of Brazos's claims. The PUCT Orders were attached to the First Motion to Dismiss. First Motion to Dismiss, Ex. A and Ex. B.

6. Also on September 14, 2021, ERCOT filed its *Answer and Affirmative Defenses to Brazos Electric Cooperative. Inc.'s Complaint* [Adv. Dkt. No. 24].

7. On October 22, 2021, the Court entered its *Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and for Abstention* [Adv. Dkt. No. 137] (the "Order on First Motion to Dismiss").

8. On October 25, 2021, the Debtor filed its *First Amended Complaint Objecting to Electric Reliability Council of Texas, Inc.'s Proof of Claim and Other Relief* [Adv. Dkt. No. 173] (the "Amended Complaint").

9. On November 3, 2021, ERCOT filed its *Answer and Affirmative Defenses to Brazos Electric Power Cooperative Inc.'s First Amended Complaint* [Adv. Dkt. No. 192] ("ERCOT's Answer to Amended Complaint").

10. On November 4, 2021, ERCOT filed its Amended Proof of Claim No. 115-2 (the "Amended Proof of Claim").

## II.   ARGUMENT AND AUTHORITIES

**A.   The Brazos SFA is an Executory Contract, Therefore, the Deadline for ERCOT to Amend its Proof of Claim has not Passed**

11. The Debtor and ERCOT are parties to that certain Standard Form Market Participant Agreement, effective as of April 1, 2015 (the "SFA") and that certain Standard Form Emergency Response Service (ERS) Supplement to the SFA, effective as of May 6, 2015 (the "Supplement", and together with the SFA, the "Brazos SFA").  True and correct copies of the Brazos SFA were attached as exhibits to both the Original Proof of Claim and the Amended Proof of Claim.

12. There appears to be no dispute among the parties that the Brazos SFA is an executory contract.  In its Amended Schedules of Assets and Liabilities [Docket No. 648] filed on May 20, 2021, the Debtor scheduled the Brazos SFA as an executory contract in its Amended Schedule G.  Amended Schedules, p. 28 of 44.  Additionally, counsel for the Debtor has repeatedly stated during hearings that one of the reasons driving the need for an expedited trial in this proceeding is that the Debtor needs to know the amount it would have to cure before it can decide whether to assume or reject the Brazos SFA.

13. The Fifth Circuit has held that a non-debtor counterparty to an executory contract is not required to file a proof of claim prior to a claims bar date that precedes the rejection of an

3

executory contract. *Century Indem. Co. v. NGC Settlement Trust (In re National Gypsum Co.)*, 208 F.3d 498, 505 (5th Cir. 2000).

14. Further, the Bar Date Order specifically provides as follows:

> Unless otherwise ordered, each entity asserting a claim arising from the Debtor's rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the <u>later of</u> (a) the General Claims Bar Date [June 15, 2021] or the Governmental Bar Date as applicable, <u>and</u> (b) the date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease (the "<u>Rejection Damages Bar Date</u>").

Bar Date Order, ¶ 4 (emphasis added).

15. The Brazos SFA is an executory contract that has not been assumed or rejected. Therefore, the Rejection Damages Bar Date is the applicable bar date and it has not passed.

16. ERCOT filed its Original Proof of Claim on June 14, 2021 because the Bar Date Order required that claimants holding section 503(b)(9) claims file their section 503(b)(9) claims by the June 15, 2021 General Bar Date on substantially the form attached to the Bar Date Order as Exhibit 1.

17. More specifically, the Bar Date Order provides in pertinent part:

> Each entity that asserts a claim against the Debtor that arose (or is deemed to have arisen) before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "<u>Proof of Claim</u>") substantially in the form attached hereto as **Exhibit 1** (the "<u>Proof of Claim Form</u>"). Except in the case of tort claimants, governmental units, and certain other exceptions explicitly set forth herein, ***all Proofs of Claim must be filed so that they are actually received on or before June 15, 2021 (the "<u>General Claims Bar Date</u>"), at the address and in the form set forth herein.***[1]

Bar Date Order, ¶ 1 (emphasis in original).

---

[1] Claims based on the rejection of an executory contract are one of the exceptions explicitly set forth in the Bar Date Order.

4

18. The Bar Date Order further provides: "any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, . . . ." Bar Date Order, ¶ 17.

19. Accordingly, ERCOT timely filed its claim under § 503(b)(9) of the Bankruptcy Code, but the bar date for ERCOT to file its proof of claim has not passed, therefore, its deadline to amend has also not expired.

**B.   The Amended Proof of Claim is Not a Pleading Under The Bankruptcy Rules, Therefore, ERCOT was not Required to Seek Leave to Amend**

20. The Scheduling Order set a deadline of October 25, 2021 to seek leave to amend "the pleadings." Scheduling Order, p. 2.

21. Federal Rule of Civil Procedure 7 is made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7007 titled "<u>Pleadings</u> Allowed." Federal Rule of Civil Procedure 7 makes clear that only the following "pleadings" are allowed: "(i) a complaint; (ii) an answer to a complaint, (iii) an answer to a counterclaim designated as a counterclaim; (iv) an answer to a crossclaim; (v) a third-party complaint; (vi) an answer to a third-party complaint; and (vii) if the court orders one, a reply to an answer." FED. R. CIV. P. 7(a). Nowhere in Federal Rule of Civil Procedure 7 is a proof of claim defined as a pleading.

22. Additionally, Federal Rule of Bankruptcy Procedure 7008 makes Federal Rule of Civil Procedure 8 applicable to adversary proceedings. Federal Rule of Civil Procedure 8 sets forth requirements for pleadings that state a claim for relief, such as a complaint. The standards of Federal Rule of Civil Procedure 8 are not applicable to a proof of claim. The official proof of claim form does not conform to Federal Rule of Civil Procedure 8. Following the Debtor's logic, if proofs of claim are to be treated as pleadings they would now have to comply with the standards

5

set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which is certainly not the case or Congress' intent.

23. "By its express terms, Fed. R. Civ. P. 15 only applies to 'pleadings,' a term defined to include only complaints, answers, counterclaims, crossclaims, third party complaints, and if ordered by the court, replies to answers." *In re Tesch*, 628 B.R. 60, 66 (Bankr. W.D.Mich. 2021) (citing Fed. R. Bankr. P. 7007 (incorporating Fed. R. Civ. P. 7); *Thomas v. Noder-Love*, 621 F.App'x 825, 829 (6th Cir. 2015)). "While a proof of claim might be viewed by some courts as a complaint or analogous thereto, a proof of claim is nevertheless not a 'pleading.'" *Tesch*, 628 B.R. at 66.

24. While ERCOT attached an Addendum to its Original Proof of Claim and its Amended Proof of Claim, such an addendum is not required by the Bankruptcy Code or the Bankruptcy Rules.

25. Federal Rule of Bankruptcy Procedure 3001(a) provides, "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(a). Nowhere in Federal Rule of Bankruptcy Procedure 3001 are the specific pleading requirements of Federal Rule of Civil Procedure 8 incorporated.

26. Further, Federal Rule of Bankruptcy Procedure 3006 provides in pertinent part as follows:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102

of the Code. The order of the court shall contain such terms or conditions as the court deems proper.

FEDERAL RULE OF BANKRUPTCY PROCEDURE 3006.

27. Although Bankruptcy Rule 3006 restricts a creditor's right to withdraw its claim after either an objection to the claim is filed or a complaint is filed against that creditor, this rule does not contain any restriction on the creditor's right to amend its claim. Nowhere in the Bankruptcy Code or the Bankruptcy Rules is there a requirement that after an objection is filed to a claim or a complaint is filed against that creditor in an adversary proceeding that such creditor must seek leave to amend its proof of claim.[2]

28. Accordingly, ERCOT was not required to seek leave to amend its Original Proof of Claim.

**C.  No New Claims Have Been Asserted in the Amended Proof of Claim, Therefore, the Debtor Cannot Establish Prejudice**

29. The Debtor's Motion to Strike is devoid of any argument as to prejudice to the Debtor by virtue of the filing of the Amended Proof of Claim. This is because the Debtor cannot demonstrate prejudice.

30. The Debtor tries to create a diversion from the defects in its Amended Complaint and obfuscate the issues by attempting to weave a false narrative that ERCOT has "revised its legal strategy" by virtue of the amendments to the Addendum, part of its Amended Proof of Claim. This is inaccurate and ignores both the language of the Original Proof of Claim, the Brazos SFA, the substantial motion practice and briefing associated with the First Motion to Dismiss, the Debtor's

---

[2] The Debtor cites to *In re Gilbreath* to support its assertion that after an objection to a claim is filed "things change" implying that after an objection to a claim is filed the claimant may not freely amend. The *Gilbreath* case does not stand for that blanket proposition. In fact the Court in *Gilbreath* declined to adopt a blanket rule with regard to whether to allow an amendment to a proof of claim without leave after an objection is filed. *In re Gilbreath*, 395 B.R. 356, 366 (Bankr. S.D. Tex. 2008) ("The Court is not prepared to make an ultimate determination as to whether every amendment to a proof of claim filed after the debtor objects requires strict adherence to Rule 15 . . . .").

own extensive written discovery propounded on ERCOT, the Amended Complaint, and ERCOT's Answer to Amended Complaint.

31. The Debtor feigns surprise that ERCOT is relying on the PUCT Orders when this has been made clear throughout the Adversary Proceeding. The Debtor clearly knew this as evidenced by its own briefing, statements at the hearing on the First Motion to Dismiss and the discovery it has served on ERCOT and the PUCT.

32. The Debtor has been on notice since at least when the Original Proof of Claim was filed that the PUCT Orders support ERCOT's claim. Section 11.L. of the Brazos SFA provides in pertinent part as follows: "[t]his Agreement is subject to applicable federal, state and local laws, ordinances, rules, regulations, orders of any Governmental Authority and tariffs." Brazos SFA, § 11.L.

33. The Brazos SFA was attached to the Original Proof of Claim and section 11.L. of the Brazos SFA makes clear that the Brazos SFA is subject to applicable orders of any Governmental Authority (including the PUCT). Contrary to the Debtor's assertion, ERCOT did not "revise the underlying basis of its claim against the Debtor." ERCOT has always asserted that the PUCT Orders support its claim against the Debtor and the Debtor has been aware of this fact since the Petition Date. The Amended Proof of Claim does not assert new claims, rather it clarifies and provides some additional detail and updates some calculations regarding the Original Proof of Claim.

34. By way of additional example, in its *Emergency Motion for Leave to File Motion for Partial Summary Judgment* [Docket No. 44] (the "Motion for Leave"), filed on September 29, 2021, Debtor contended that resolution of Count 1 of the Original Complaint—whether ERCOT's claim should be calculated according to only the SFA and the Protocols while ignoring the PUCT's

Orders (as Brazos contends) or according to the SFA, Protocols, *and* the PUCT's Orders (as ERCOT contends)—would narrow the issues before the Court. This is further clear evidence of the Debtor's knowledge of ERCOT's position with regard to the pertinence of the PUCT Orders to ERCOT's claim.

35. The Debtor also tries to contort its own counsel's statements at the hearing on the First Motion to Dismiss to somehow claim that the reason Debtor's counsel confirmed that the Debtor is not challenging the validity of the PUCT Orders was because the Debtor believed ERCOT's claim was not premised on the Debtor's liability under the PUCT Orders.

36. However, nowhere in the Amended Complaint does the Debtor make such an argument as a basis as to why it asserts that the PUCT Orders "do not support, and cannot be used to support, the ERCOT Claim." *See* Amended Complaint, ¶ 125. If it believed that to be the case it no doubt would have asserted this in its Amended Complaint.

37. Instead, the Debtor listed the following three alleged bases why the PUCT Orders cannot and should not be used to support the ERCOT Claim:

    a.    "First, the Texas Legislature's post-Winter Storm Uri amendment to the Texas Utilities Code, through S.B. 1580, affirms that the SFA and the protocols, as they existed prior to Winter Storm Uri, are the only authority for determining the amount of the ERCOT Claim arising during the storm. The legislation overrides the PUCT Orders to the extent that they attempt to set the ERCOT Claim on any basis."

    b.    "Second, the PUCT has argued that the PUCT Orders do not affect Brazos or any other market participant-they only affect ERCOT. As set forth above, only the SFA and the protocols determine what the Debtor must pay."

    c.    "Third, the ERCOT Claim is purely contractual. It asserts amounts owing under the SFA and the protocols. ERCOT has since claimed that the SFA and protocols are 'subject to' the PUCT Orders. But as described above, the PUCT Orders did not amend the protocols;

9

>otherwise ERCOT would not have amended Protocol 6.5.7.3.1 in June of this year to add firm load shed as a factor."

Amended Complaint, ¶¶ 126, 129-130.

38. The Debtor, through the Amended Complaint, is now directly challenging the applicability of the PUCT Orders. In response to one of the allegations in the Amended Complaint, ERCOT "admits that during Winter Storm Uri and pursuant to the PUCT Orders, ERCOT made an adjustment to maintain scarcity pricing." ERCOT's Answer to Amended Complaint, ¶ 109.

39. The Debtor clearly admits that it is aware that ERCOT asserts that the SFA and the protocols are subject to the PUCT Orders, but now argues that it should be granted leave to amend again and that the hearing on the Second Motion to Dismiss should not proceed on November 15.

40. The Debtor cannot demonstrate some type of surprise or prejudice by virtue of the filing of the Amended Proof of Claim. Whether the PUCT's Orders are "simply irrelevant" as the Debtor claims or whether the PUCT's Orders govern and are "part of" the SFA and the Protocols is an issue that the parties have been litigating for months.

### III. RESERVATION OF RIGHTS

41. Should the Court grant the Motion to Strike, ERCOT reserves the right to seek leave to amend the Original Proof of Claim. ERCOT reserves the right to amend or supplement this Response, including, to raise additional arguments at any hearing on the Motion to Strike.

## IV.    CONCLUSION

ERCOT respectfully requests that the Court deny the relief requested in the Motion to Strike and award ERCOT such other and further relief to which ERCOT is justly entitled, at law and in equity.

Dated: November 15, 2021

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Kevin M. Lippman
    Kevin M. Lippman
    Texas Bar No. 00784479
    klippman@munsch.com
    Deborah M. Perry
    Texas Bar No. 24002755
    dperry@munsch.com
    Jamil N. Alibhai
    Texas Bar No. 00793248
    jalibhai@munsch.com
    Ross H. Parker
    Texas State Bar No. 24007804
    rparker@munsch.com

    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.**

### CERTIFICATE OF SERVICE

I certify that on November 15, 2021, I caused a copy of the foregoing document to be served via the Court's CM/ECF system on all counsel of record.

/s/ Kevin M. Lippman
Kevin M. Lippman

4876-1076-1475v.2