IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.<br><br>DEBTOR. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 11<br><br>CASE NO. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>PLAINTIFF<br><br>V.<br><br>ELECTRIC RELIABILITY COUNCIL OF<br>TEXAS, INC.<br><br>DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. Pro. No. 21-03863 (DRJ) |

**THE PUBLIC UTILITY COMMISSION OF TEXAS'S
LIMITED REPLY TO DENTON COUNTY ELECTRIC
COOPERATIVE, INC. D/B/A COSERV ELECTRIC'S RESPONSE
TO THE PUBLIC UTILITY COMMISSION OF TEXAS'S MOTION TO
QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE
ORDER AND RESPONSE TO THE EMERGENCY CROSS-MOTION TO COMPEL**

**TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, the Public Utility Commission of Texas (the "**PUCT**"), by and through the Office of the Texas Attorney General, and subject to and without waiving its assertion of sovereign immunity, and in supplementing its original Motion to Quash, files this *Limited Reply to Denton County Electric Cooperative, Inc. d/b/a CoServ Electric's Response to the Public Utility Commission of Texas's Motion to Quash Subpoena, or, in the Alternative, Motion for Protective*

*Order and Response to the Emergency Cross-Motion to Compel*, (the "**Reply**") and respectfully shows the Court as follows:

## I.     OVERVIEW

1. Intervenor Denton County Electric Cooperative, Inc., d/b/a CoServ Electric ("**CoServ**") served a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* [Doc. 151] (the "**Subpoena**") upon the PUCT, and the PUCT made every effort to resolve the present dispute informally, to no avail. The Subpoena is improper and should be quashed for the reasons stated in the Motion to Quash.

2. The PUCT's Motion to Quash sets forth the dispositive substance of this matter. However, CoServ's litigation tactics are also relevant and should be addressed by this Court. This is especially important in litigation with dozens of professionals who may believe that the overly aggressive approach taken by CoServ is appropriate. To provide a contrasting point of reference, over the past several weeks, there have been many discovery issues of contention among the PUCT, the Official Committee of Unsecured Creditors (the "**Committee**"), and the Debtor. Those disputes have been resolved professionally and informally via literally dozens of good faith discussions among the parties. Those discussions have involved extensive back-and-forth not only dealing with what is appropriate for the PUCT to produce, but also what is logistically possible.

3. This unfortunately has not been the case with CoServ. Following initial discussions, CoServ cut off discovery communications with the PUCT. Nevertheless, the PUCT continued to attempt to facilitate discussion regarding the requested discovery and produced documents that are responsive to the discovery request and that are consistent with previous discovery between the Plaintiffs, including Debtor and the Committee. At the time of production, the PUCT advised

CoServ that it would be willing to discuss the discovery request, but received no response. The PUCT subsequently requested CoServ consider withdrawing the Notice of Subpoena or discuss the issues further informally. Yet again, CoServ ignored the PUCT's request to even discuss the matter.

4. The Notice of Subpoena should be withdrawn by CoServ, and if not, should be quashed by this Court, or, at a minimum be modified to protect the PUCT from unnecessarily duplicative discovery. Separately, the Court should address the appropriateness of CoServ's hostile litigation strategy.

## II. FACTUAL BACKGROUND

### a. Procedural history

5. On March 1, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief (the "**Bankruptcy Case**,") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

6. On March 15, 2021, the United States Trustee formed the Committee.

7. On May 28, 2021, the Committee filed the *Notice of the Official Committee of Unsecured Creditors of Rule 2004 Examination and Document Production Requests to PUCT* [Doc. No. 691] (the "**Rule 2004 Notice**").

8. On July 29, 2021, the Debtor delivered Brazos Electric Power Cooperative, Inc.'s Requests for Production to the PUCT through email to the Office of the Texas Attorney General (the "**Debtor's Discovery**").

9. On August 30, 2021, the Court entered its **Scheduling Order** [Doc. No. 13].

10. On October 25, 2021, the Court approved an *Amended Stipulation and Agreed Order Authorizing Intervention* ("**Stipulation**"), allowing certain Co-op members to join the

3

pending Adversary Proceeding as intervenor-plaintiffs. CoServ was one of the parties allowed to intervene.

11. On October 22, 2021, CoServ filed and served the Subpoena on the PUCT.

### b. **PUCT's attempts to amicably resolve discovery dispute with CoServ**

12. On October 25, 2021 (the next business day following service of the Subpoena), counsel for the PUCT reached out to counsel for CoServ to schedule a phone call to discuss the Subpoena and requested discovery. *See* Exhibit A.

13. After receiving no response, counsel for the PUCT reached out again to counsel for CoServ on October 27, 2021. Counsel for CoServ responded to this second request, and a phone call was scheduled for October 28, 2021. *See* Exhibit B.

14. During the phone call between counsel for the PUCT and CoServ on October 28, 2021, the requested discovery period ("**Relevant Period**") of "February 1, 2021 to present" was discussed, and it was understood that the time frame would be reduced to a shorter period of time, albeit undefined at that time. Additionally, counsel for CoServ argued that the request for production was not duplicative because the words "price adder" and "6.5.7.3.1" were specifically included in the discovery request. Counsel for CoServ expressed that they did not have the list of custodians that were previously negotiated between the Debtor, Committee, and PUCT, and had not yet received the list of 75 search terms previously agreed upon between the Committee, Debtor, and PUCT.

15. The next day, October 29, 2021, counsel for the PUCT provided the list of previously agreed-upon custodians to counsel for CoServ, and provided access to previous discovery issued by the PUCT. *See* Exhibit C.

4

16. On November 1, 2021, Counsel for CoServ sent an email to counsel for the PUCT, reasserting the request for production as originally worded, providing 10 additional search terms, and requesting a copy of the February and March 2021 organizational charts for the PUCT. *See* Exhibit D. Later that same day, counsel for PUCT responded and provided the previous 75 search terms and the requested organizational charts. *See* Exhibit E.

17. On November 2, 2021, Counsel for CoServ provided "tweaks" to their 10 search terms, and provided their proposed list of custodians, along with the instruction that their list of custodians included other individuals "**to the extent someone else held one of these titles during the Relevant Period.**" *See* Exhibit F. This instruction would result in additional individuals included as custodians, specifically including current PUCT Commissioners, as the "Relevant Period" was still, at this time, defined as "**February 1, 2021 to present**."

18. After reviewing the requested search terms and parameters with the PUCT, on November 5, 2021, Counsel for PUCT emailed Counsel for CoServ, and agreed to two of the original search terms that specifically addressed the additional discovery request, those related to "price adder" and "6.5.7.3.1," and proposed one additional term that would potentially result in more succinct and responsive discovery. Counsel for the PUCT agreed to voluntarily run the three search terms on the email of the original 16 custodians, which include all but one of CoServ's custodians. Counsel for PUCT agreed that it could provide the discovery that resulted from the use of the three search terms for the 16 original custodians for the previously negotiated period of February 1, 2021 through March 31, 2021, by November 12th, one week later. *See* Exhibit G. **Counsel for CoServ did not respond to the November 5, 2021 email**.

19. Because the deadline for response per the Subpoena was November 5, 2021 at 5:00 p.m., and Counsel for CoServ had not yet responded to the PUCT's emailed proposal, the PUCT

filed its Motion to Quash out of an abundance of caution and to protect the rights of the State of Texas and the PUCT.

20. On November 9, 2021, counsel for the PUCT again emailed counsel for CoServ to correct the number of resulting emails from the proposed search terms, custodians, and time frame. *See* Exhibit H. **Counsel for CoServ did not respond to the message on November 9th**.

21. On November 12, 2021, the PUCT produced emails that resulted from the three additional search terms run on the original 16 custodians for the period of February 1, 2021 through March 31, 2021. The discovery was provided to all parties to the proceeding. *See* Exhibit I. **Counsel for CoServ did not respond to the November 12, 2021 email**.

22. In the discovery issued on November 12, 2021, the PUCT produced 233 non-privileged emails comprised of thousands of pages in response to the three (3) search terms, 16 custodians, and time period of February 1, 2021 through March 31, 2021.

23. Counsel for the PUCT again reached out to counsel for CoServ on November 22, 2021, requesting that the Notice of Subpoena be withdrawn, or further discussion occur should CoServ so desire. *See* Exhibit J. **Counsel for CoServ did not respond to the November 22, 2021 email**.

24. The PUCT received no communication until November 24, 2021, through the filing of CoServ's response [Doc. No. 260] (the "**Response**") to the PUCT's Motion to Quash. Inexplicably, given the PUCT's multiple attempts to confer, it was only through the Response that CoServ revealed it would agree to: (1) limit the Relevant Period, (2) limit the custodians to the seven (7) specific individuals they listed (excluding the current Commissioners), or (3) limit the discovery to electronic production only.

25. No communication has been made by counsel for CoServ regarding the requested discovery since its November 2, 2021 email to counsel for PUCT, despite repeated attempts by the PUCT to resolve this matter informally as reflected above. Additionally, no request has been made by counsel for CoServ as to an agreeable hearing date for the Motion to Quash and Response/Emergency Cross-Motion to Compel, and CoServ has had the opportunity to respond and request a hearing at any time since November 5th. The PUCT and its counsel are preparing for and defending depositions of former PUCT Commissioners during the week of December 1st, and as such, have limited availability for a hearing. Counsel for CoServ is aware of the scheduled depositions.

26. Nevertheless, CoServ has sought emergency consideration of its Response. CoServ seeking to have its matter set on less than a week's notice further reveals that CoServ is engaging in unnecessarily aggressive discovery tactics. CoServ has failed to comply with this Court's local rules as well. Local Bankruptcy Rule 9013-1(i) sets out requirements for emergency motions, including a "detailed statement of why an emergency exists," as well as a requirement that the pleading "be certified for accuracy by the party seeking emergency relief or by its counsel." CoServ's Response provided neither.

27. Based on the totality of the circumstances before the Court, including the fact that CoServ could have chosen to engage with the PUCT well prior to this time, the matter should not be set on the emergency basis sought by CoServ.

### III. MOTION TO QUASH SUBPOENA, AND IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

28. The PUCT respectfully reasserts its request for entry of an order substantially in the form attached to the Motion to Quash: (1) quashing the Subpoena; or (2) granting protection from the Subpoena and certain related relief for the reasons articulated in the Motion to Quash,

and will not repeat those bases in this Limited Reply out of respect for the Court's time. The PUCT further requests that should the Court set a hearing on this matter, that the hearing be set on a non-emergency basis.

## **PRAYER**

WHEREFORE, the PUCT respectfully requests entry of an Order (1) quashing the Subpoena in its entirety, or, in the alternative, strictly limiting the scope of the Request for Production to the documents and emails produced to date; and (ii) granting such other and further relief as may be just and proper.

Dated:  November 28, 2021	Respectfully submitted,

      KEN PAXTON
      Attorney General of Texas

      BRENT WEBSTER
      First Assistant Attorney General

      GRANT DORFMAN
      Deputy First Assistant Attorney General

      SHAWN E. COWLES
      Deputy Attorney General for Civil Litigation

      SEAN O'NEILL
      Assistant Attorney General
      Deputy Chief, Bankruptcy & Collections Division

      */s/ Layla D. Milligan*
      JASON B. BINFORD
      Texas State Bar No. 24045499
      S. Dist. Bar No. 574720
      LAYLA D. MILLIGAN
      Texas State Bar No. 24026015
      S. Dist. Bar No. 38000
      Office of the Attorney General of Texas
      Bankruptcy & Collections Division
      P. O. Box 12548 MC008
      Austin, Texas 78711-2548
      Telephone: (512) 463-2173
      Facsimile: (512) 936-1409
      jason.binford@oag.texas.gov
      layla.milligan@oag.texas.gov

      ATTORNEYS FOR THE PUBLIC UTILITY COMMISSION OF TEXAS

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on November 28, 2021.

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Assistant Attorney General